BRADFORD v. SORENSON.   (No. 862.)

(Court of Civil Appeals of Texas. El Paso. May 23, 1918.)

ADVERSE POSSESSION ⊜⟶57 — ALLEYS — EVIDENCE.

Evidence *held* to show that the defendant had the alley fenced and covered with a' barn for more than ten years, thus acquiring title by the statute of limitations.

Appeal from District Court, Nolan County; C. E. Dubois, Judge.

Suit by Paul B. Sorenson against J. A. J. Bradford. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Beall & Douthit, of Sweetwater, for appellant. Ed. J. Hamner, of Sweetwater, for appellee.

HARPER, C. J. This suit was instituted by appellee to compel appellant, by injunction, to open up and vacate the east end of an alley through block 23, Eastern addition to the town of Sweetwater, upon the allegations that the alley had been dedicated, first, by a plat of the addition being filed and recorded, and, second, that it was dedicated by reason of the fact that the lots had at all times since November, 1882, been conveyed with specific reference to said alley.

Defendant denied that the lots had been sold and transferred with reference to the alley; denied that it had been dedicated by recorded plat; and pleaded title by virtue of ten years' peaceable, adverse possession, use, and occupancy. Tried before the court without jury, and resulted in judgment granting writ of injunction commanding ap-

pellant to open the alley, from which this appeal.

There are two questions raised by appellants: First that the evidence does not establish a dedication of the alley to the public use; and, second, that the evidence is conclusive that appellant has acquired title by virtue of the statute of limitation of ten years.

Several witnesses testify positively that the alley was fenced and covered by a barn continuously for more than ten years prior to the institution of this suit, and there is no evidence of any probative value to the contrary. One witness, the only one referred· to by appellee in support of the judgment, stated:

That after a certain house burned down "the fences were not kept up for a while; I think now, to the best of my recollection, we didn't have a stock law for a year or two after that, and I think that place was left open. I think I have seen stock in there."

Such evidence has no probative force; at least, could not be held sufficient to refute the positive testimony of several witnesses, who by their testimony show that they were in a position to know the fact, and are not impeached. Appellant having conclusively established title by limitation, it becomes immaterial whether the property was in fact dedicated as a public alley.

Reversed and rendered.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.